U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 19, 2006             **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GARY HIGGINS and | § | CASE NO. 03-47055-DML-7 |
| ROSARIO MARIA HIGGINS, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| FOUNDERS EQUITY SECURITIES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 05-04149-DML |
| | § | |
| GARY HIGGINS, and | § | |
| ROSARIO MARIA HIGGINS, | § | |
| | § | |
| Debtors. | § | |

**MEMORANDUM OPINION**

On August 31, 2006, this court heard the Motion for Leave to File Amended Complaint (the "Motion") filed by Founders Equity Securities, Inc. ("Plaintiff"). The court heard arguments from counsel for Founders and counsel for Gary Higgins and Rosario Maria Higgins (collectively, "Debtors"). The court exercises core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(I)(J). This memorandum of law embodies the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

## I.
## BACKGROUND

On July 18, 2005, the Plaintiff initiated this adversary proceeding against the Debtors seeking a determination of dischargeability of debt under 11 U.S.C. § 523(a)(2) and objections to discharge under 11 U.S.C. § 727(a) (the "Complaint").  The Complaint alleges that during prepetition litigation with the Debtors, the Plaintiff discovered that the "Debtors had divested themselves of numerous assets prior to the bankruptcy filing."  *See* Complaint at ¶ 11.  The Complaint also alleges that the "Debtors have… fraudulently transferred their assets in an effort to hinder, delay and defraud [the Plaintiff]…" *See* Complaint at ¶ 12.

In the Motion, the Plaintiff alleges that as the result of recent discovery, it has learned that the Debtors made various false statements in their Schedules and Statement of Financial Affairs.  At the hearing on the Motion, counsel for the Plaintiff alleged that the Debtors made several transfers to insiders (as that term is defined in 11 U.S.C. § 101(31)) and argued that those transfers should have been listed on the Debtors' Schedules and Statement of Financial Affairs.  Accordingly, the Plaintiff seeks to amend the Complaint to add a cause of action against the Debtors under 11 U.S.C. § 727(a)(4).

## II.
## DISCUSSION

Federal Rule of Bankruptcy Procedure 7015 (made applicable to this proceeding by Federal Rule of Civil Procedure 15(a)) provides that a party may amend its pleadings once before any responsive pleading is served, "[o]therwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *In re Baggett*, 223 B.R. 100, 101 (Bankr. N.D. Tex. 1997).  Because the Debtors filed an answer to the Complaint on August 18, 2005 (before the Motion was filed)

and oppose the amendment to the Complaint, the Plaintiff must obtain leave from this court to amend the Complaint. However, the analysis of whether the Plaintiff may amend the Complaint does not end with Rule 7015.

Federal Rule of Bankruptcy Procedure 4004(a) governs the time for filing a complaint objecting to discharge. Rule 4004(a) provides that the complaint must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Fed. R. Bankr. P. 4004(a). It is well settled that the time constraint provided in Rule 4004(a) must be strictly construed. *See, e.g., Taylor v. Freeland & Kronz*, 112 S.Ct. 1644, 503 U.S. 638 (1992); *In re Themy*, 6 F.3d 688, 689 (10th Cir. 1993); *In re Anwiler*, 958 F.2d 925, 927 (9th Cir. 1992); *see also* 9 COLLIER ON BANKRUPTCY ¶ 4004.02[3] (15th ed. rev. 2005). Thus, the court's discretion to grant leave to amend pleadings under Rule 7015 is restricted by Rule 4004(a) when dealing with complaints objecting to discharge.[1] *See In re Primack*, 89 B.R. 954, 956 (Bankr. S.D. Fla. 1988) (holding that the specific deadline of Rule 4004(a) restricts the court's general discretion under Fed. R. Civ. P. 15(b), B.R. 7015); *see also CSX Transportation, Inc. v. Margolies,* Nos. 85 C 5741, 86 A 746, 1988 WL 149239, *2 (N.D. Ill. Dec. 29, 1988) (holding that "[a]lthough the liberal amendment provisions of Fed. R. Civ. P. 15 are incorporated in Fed. R. Bankr. P. 7015, these rules are inapplicable in discharge cases").

In *In re Lazenby*, 253 B.R. 536 (Bankr. E.D. Ark. 2000), a bankruptcy court dealt with precisely the same issue that is before this court. In the *Lazenby* case, a creditor timely filed a complaint against a chapter 7 debtor objecting to both the dischargeability of debt and to the debtor's discharge. After the time for filing the objection to dischargeability or discharge had expired, the creditor learned of certain prepetition conduct of the debtor which suggested that the

---

[1] A similar restriction occurs with respect to Federal Rule of Bankruptcy Procedure 4007(c), which prescribes the time for filing a complaint to determine the dischargeability of a debt.

debtor made false oaths on the debtor's schedules, at the debtor's 341(a) meeting, and at a Rule 2004 examination. The creditor filed a motion to amend the original complaint to add a cause of action under 11 U.S.C. § 747(a)(4). The court held that amendment to the complaint was not justified simply because a creditor discovers fraud after the expiration of the Rule 4004(a) time period for filing such complaints. *See id*. at 539. This court agrees with this holding.

In *Kontrick v. Ryan*, 124 S.Ct. 906, 540 U.S. 443 (2004), the Court suggested that the time limitations imposed by procedural rules such as the bankruptcy rules (and rules of criminal procedure) are strict deadlines.[2] In *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the Court held that a Chapter 7 trustee could not contest an exemption claimed by the debtor, whether or not the debtor had a colorable basis for the exemption because the trustee did not object within the 30-day period provided by Federal Rule of Bankruptcy Procedure 4003(b). The Court wrote, "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id*. at 644.

The court notes that alternatively, the Plaintiff could have argued that the Federal Rule of Bankruptcy Procedure 7015(c) provides that certain amendments to complaints relate back to the date of the original pleading. If the Plaintiff were successful in this argument, the proposed amendment to the Complaint would be timely. A review of Rule 7015(c) reveals that only Rule 7015(c)(2) is applicable in this case. Rule 7015(c)(2) provides that the amendment will relate back to the original pleading when "the claim… asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Bankr. P. 7015(c)(2). In this case, the Plaintiff seeks to amend the Complaint with new facts. The relation-back doctrine of Rule 7015(c) applies when the

---

[2] Although in *Kontrick* the Court did not reach the issue of whether there is an equitable tolling or other equitable grounds for enlarging the time limits imposed by procedural rules, the Court's affirmation of the strict construction of procedural rules is instructive.

proposed amendment is sufficiently tied to facts alleged in the original pleading. *See, e.g.*, *In re Baggett*, 223 B.R. at 102.

Indeed, the only circumstances where courts retain their discretion to grant leave to amend a Rule 4004 complaint is when Rule 7015(c)(2) applies. In *In re Magno*, 216 B.R. 34, 38 (B.A.P. 9th Cir. 1997), the bankruptcy appellate panel noted that "if [the creditor's] amended complaint did not relate back to the original complaint, it would have been a futile gesture for the bankruptcy court to grant leave to amend." In this case, the allegation that the Debtors failed to disclose payments to insiders made prior to the bankruptcy is a new fact not alleged in the Complaint. The Fifth Circuit held that "[w]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985) (citing *Worthams v. Atlantic Life Ins. Co.,* 533 F.2d 994, 995 (6th Cir. 1976) and *Griggs v. Farmer,* 430 F.2d 638, 639 (4th Cir. 1970)); *see also In re Kruszynski*, 150 B.R. 209 (Bankr. N.D. Ill. 1993). Accordingly, the Plaintiff is not covered by Rule 7015(c)(2).

For the foregoing reasons, the court concludes that the Motion must be DENIED.

It is so ORDERED.

#### END OF ORDER ####